**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————————X
                                                                 :
PATRICIA MADLINGER, on behalf of herself         :
and all others similarly situated,                           :
                                                                 :
                              Plaintiff,                          :     Civil Action No.
                                                                 :
vs.                                                              :     **CLASS ACTION COMPLAINT AND**
                                                                 :     **JURY TRIAL DEMAND**
DCM SERVICES, LLC,                                      :
                                                                 :
                              Defendant.                       :
                                                                 :
                                                                 :
—————————————————————X

Plaintiff PATRICIA MADLINGER, on behalf of herself and all others similarly

situated, (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against

the above-named Defendant DCM SERVICES, LLC ("Defendant"), the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for statutory damages and declaratory and

injunctive relief arising from Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair

Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors

from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.
This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because
jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this
jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"
"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt
collection practices provides for the initiation of court proceedings to enjoin violations of
the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of the State of New Jersey,
County of Ocean and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief defendant DCM SERVICES, LLC is a
Delaware limited liability company with its principal place of business located at 7601

Penn Street, Suite A600, Richfield, MN  55423.

9.      Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10.      Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.      This Action is properly maintained as a class action. The Class consists of:

• All New Jersey consumers who were sent letters and/or notices from or on behalf of Defendant in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

• The Class period begins one year to the filing of this Action.

12.      The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

• Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or

notice that is sent to hundreds of persons (See **Exhibit A)**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a.    Whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692f and/or 1692g, and subsections therein;

  b.    Whether Plaintiff and the Class have been injured by the Defendant's conduct;

  c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  g.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14.     Prior to January 31, 2020, Plaintiff allegedly incurred a financial obligation to Capital One, N.A. ("Capital One") for a Kohl's store branded consumer credit card ("the Debt").

15.     The Debt obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16.     The alleged Capital One Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

17.     Capital One is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18.     At some time prior to January 31, 2020, the Capital One Debt obligation became past due with a balance due of $604.83.

19.     At some point prior to January 31, 2020, the Debt was referred for collection by Capital One to Defendant.

20.     At the time the Capital One Debt obligation was placed with Defendant, the balance was past due.

21.     On or about January 31, 2020, Defendant sent Plaintiff a collection letter indicating an Amount of Debt of $604.83 ("the Collection Letter").  See, attached Exhibit A.

22.     The January 31, 2020 collection letter was Defendant's initial written communication to Plaintiff.

23.     The January 31, 2020 collection letter was sent in connection with the collection of the Capital One Debt obligation.

24.     The January 31, 2020 collection letters is a "communication" as defined by 15 U.S.C. §1692a(2).

25.     The Collection Letter was the first written communication by Defendant to Plaintiff.

26.     The Collection letter was required to contain a notification of Plaintiff's verification rights within the meaning of 15 U.S.C. §1692g(a).

27.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

28.     15 U.S.C. § 1692g(a)(2) provides a requirement that the written notice must contain the name of the creditor to whom the debt is owed;

29.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

30.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such

verification or judgment will be mailed to the consumer by the debt collector.

31.    In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

32.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

33.    In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

34.    A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

35.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

36.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

37.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

38.    The Collection Letter did not contain all of the requirements of 1692g(a)

8

since it failed to clearly indicate the name of the current creditor.

39.    The left hand side of the Collection Letters states that Capital One N.A. is both the "Creditor" and the "Original Creditor".

40.    The left hand side of the Collection Letter also indicates, "The Kohl's Credit Card Account: ******8020."

41.    However, the body of the letter states, "Our client Kohl's Department Stores, Inc., placed the account with our office for collection."

42.    Thus, in one portion of the letter Defendant suggests that the current creditor is Capital One N.A. and in another portion of the letter, Defendant suggests that the current credit – their client – is Kohl's Department Stores, Inc.

43.    As such, the Collection Letter impermissibly lists two different names for the current creditor.

44.    The least sophisticated consumer would be deceived as to who the current creditor is.

45.    The Collection Letter failed to clearly convey to the least sophisticated consumer the name of the current creditor as required under 1692g(a)(2).

46.    Additionally, a collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

47.    The front side of the Collection Letter included the following statement ("The Statement"):

You have the right to dispute the validity of this debt or any portion of it.  Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

48.     The Statement presumably attempted to comply with the requirements of section 1692g(a)(3)-(5).

49.     The Statement does not direct the consumer to dispute the Debt with a particular address for an in writing dispute.

50.     The collection letter includes two addresses for Defendant.

51.     The least sophisticated consumer may be dissuaded from disputing the debt at all, since he or she may not know to which address the debt validation letter should be sent.

52.     The Collection Letter contains the address ("the First Address") of:

> 7601 Penn Ave S, Suite A600
> Minneapolis, MN  55423

53.     The bottom right of the collection also contains the address of ("the Second Address") :

> PO Box 1340
> Minneapolis, MN  55440-1340

54.     The least sophisticated would not know which of the two addresses to use to dispute the Debt.

55.     The least sophisticated consumer may believe that he or she would have to send two separate letters, one to each address, in order to dispute the Debt.

56.     The least sophisticated consumer may decide that sending two separate

dispute letters would be too burdensome and decide not to dispute the Debt.

57.    Alternatively, the least sophisticated consumer may decide not to dispute the Debt since he or she would not know which address to use to dispute the Debt.

58.    The use of multiple addresses by Defendant overshadowed the disclosure of the consumer's right to dispute the debt and obtain verification of the debt.

59.    The use of multiple addresses is deceptive and/or misleading.

60.    As a result of the inclusion of multiple addresses, Plaintiff sustained a concrete, actual injury.

61.    The use of multiple addresses by Defendant overshadowed the disclosure of the consumer's right to dispute the debt and obtain verification of the debt.

62.    As a result of the inclusion of multiple addresses, Plaintiff sustained a concrete, actual injury.

63.    In the last year, Defendant sent collection letters to numerous New Jersey consumers in which Defendant included multiple address in an initial written communication to a consumer.

64.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

65.    Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

66.    Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

67.    Defendant violated Plaintiff's right to a trustful and fair debt collection process.

68.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

69.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

70.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

71.     It is Defendant's pattern and practice to send collection letters in the form described above, and which violate the FDCPA.

72.     On information and belief, Defendant sent letters in the form described above to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT
### VIOLATIONS OF 15 U.S.C. §1692

73.     Plaintiff repeats the allegations contained in paragraphs 1 through 72 as if the same were set forth at length.

74.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

75.    Defendant's conduct violated several provisions of the FDCPA, including, but not limited to:

A.  15 U.S.C. §1692e, by the use of any false, deceptive or misleading representation or means in connection with the collection of a debt;

B.  15 U.S.C. § 1692e(10) of the FDCPA by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

C.  15 U.S.C. §1692g, by effectively failing to provide the debt verification rights notice;

D.  15 U.S.C. §1692g(b), by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
           January 31, 2021

Respectfully submitted,


By: s/ Lawrence C. Hersh
     Lawrence C. Hersh, Esq.
     17 Sylvan Street, Suite 102B
     Rutherford, NJ  07070
     (201) 507-6300
     *Attorney for Plaintiff*


### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.


Dated: January 31, 2021        By: s/ Lawrence C. Hersh
                                 Lawrence C. Hersh, Esq.

EXHIBIT A

**dcm** services

7601 Penn Ave S, Suite A600
**Minneapolis, Minnesota 55423-5004**

Creditor:
Capital One N.A.

Original Creditor:
Capital One N.A.

The Kohl's Credit Card
Account:
******8020

Reference #:
▮▮355

Current Unpaid Balance:
$604.83

January 31, 2020

Dear PATRICIA MADLINGER:

Our client, Kohl's Department Stores, Inc., placed this account with our office for collection. The amount you owe is $604.83.

This company is a debt collector attempting to collect a debt and any information obtained will be used for that purpose. Calls may be monitored or recorded.

Complete the payment slip below and mail it along with a check made payable to DCM Services, LLC. Send your payment in the envelope provided or call us toll free at 1-800-651-7718 to make a payment. Please do not send cash.

You have the right to dispute the validity of this debt or any portion of it. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Respectfully,
*DCM Services, LLC*

Hours (CT):7 am - 7 pm M-TH
7 am - 5 pm F

Telephone: 612-243-8773
Toll-Free: 800-651-7718
Fax: 844-891-9251

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION** -Side 1 of 2-

***Detach Lower Portion and Return with Payment***

**dcm** services

**DCM SERVICES, LLC**
**7601 PENN AVE S, SUITE A600**
**MINNEAPOLIS, MN 55423-5004**

Reference #: ▮▮355     Client ID: ▮▮35
Unpaid Balance: $604.83
Checks Payable to: DCM Services, LLC

Amount Enclosed: | $

January 31, 2020

PATRICIA MADLINGER
7 PRINCE CHARLES DR
TOMS RIVER NJ 08757-6571

DCM Services
PO Box 1340
Minneapolis MN 55440-1340

0001 001038

## *IMPORTANT INFORMATION*

Under the law we are required to notify you of the following information. This list does not include a complete list of rights consumers have under State and Federal Laws.

## NOTICE ABOUT ELECTRONIC CHECK CONVERSION

When you provide a check as payment, you authorize us to either use the information from the check to make a one-time electronic funds transfer from that bank account, or to process the payment as a check transaction. When we use information from the check to make an electronic funds transfer, funds may be withdrawn from that bank account as soon as the same day we receive payment, and you will not receive the check back.

## FOR CALIFORNIA RESIDENTS

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or your spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in the area.

## FOR COLORADO RESIDENTS

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. Colorado Office Information: c/o George E. Meziere, Esq., 3025 South Parker Road, Suite 705, Aurora, CO 80014, (303) 614-9999.

## FOR MASSACHUSETTS RESIDENTS

NOTICE OF IMPORTANT RIGHTS

You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

## FOR NEW YORK CITY RESIDENTS

New York City Department of Consumer Affairs License Number: 1239504
To discuss this account, please call our toll free number to speak with Tammy McDonald. A representative will be able to assist you during our normal business hours.

## FOR NEW YORK RESIDENTS

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; (iii) repeated phone calls made with the intent to annoy, abuse or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1) Supplemental security income (SSI); 2) Social Security; 3) Public Assistance (welfare); 4) Spousal support, maintenance (alimony) or child support; 5) Unemployment benefits; 6) Disability benefits; 7) Workers' compensation benefits; 8) Public or private pensions; 9) Veterans' benefits; 10) Federal student loans, federal student grants, and federal work study funds; and 11) Ninety percent of your wages or salary earned in the last sixty days.

## FOR NORTH CAROLINA RESIDENTS

North Carolina Permit Number: 4440

## FOR TENNESSEE RESIDENTS

This Collection Agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

## FOR WISCONSIN RESIDENTS

This Collection Agency is licensed by the Division of Banking, in the Wisconsin Department of Financial Institutions, www.wdfi.org.

## MINNESOTA LICENSING INFORMATION

This Collection Agency is licensed by MN Commerce Dept., 85 7th Pl. E., #500, St. Paul, MN 55101, License No. 20598440.